By the Court

Jenkins, J.,
delivering the opinion.
In this case the applicant sought exemption from military service on the ground that he is a skillful shoemaker, habitually engaged in working for the public, at his trade, and supported these allegations by abundant testimony which stands uncontradicted. It, however, was shown by respondent, that previously to setting up this claim to exemption, the applicant had voluntarily presented himself for enrollment, had been enrolled, and had’ sought a detail, as overseer, stating that he carried on a farm of his own, on which ten hands were employed, and managed the planting interest of a neighboring widow lady, and *71 that with the exception of a decrepit, deaf man, who lived with him, he, the applicant, was the only white male adult on the two farms. Applicant also proved that on the occasion of his applying for a detail as an overseer, as above stated, he had acted under the advice of Captain Brantley, an enrolling officer, to whom he stated that he did not wish to make the application without reasonable certainty of success, and who assured him that there could be no doubt of it under the circumstances. The detail was refused. Applicant also proved tliat he had on each of the places a negro driver, with whose assistance he could and did manage said places without interference with his mechanical employment.
The Court below overruled the application, and remanded him: First, because of irreconcilable conflict in his two alleged occupations, and secondly, because by bis application for detail as an overseer he is estopped from claiming exemption as a mechanic. We do not perceive the inevitable conflict in his occupations. The proof is, that with the two negro assistants he did oversee and manage the two farming interests, his own and that of the widow, satisfactorily to her we must presume, or he would not have been continued in her service. The evidence also establishes the fact that as far back, at least, as October, 1862, he had habitually worked for the public in his mechanical employment. All this is certainly possible to an industrious man. These things all transpired in the vicinage of the trial below, yet there was adduced no conflicting evidence. If, as appears in this case, there was no incompatibility in the two employments, the previous allegation of one can be no estoppel of the present allegation of the other. If the former would be deemed sufficient ground for a detail in the first instance, as the enrolling officer seems to have thought, there was no necessity to allege more, hence nothing can be inferred from silence as to his mechanical exemption at that time.
Let the judgment be “reversed on the ground that the Court erred in bolding that the applicant was estopped from setting up bis present claim for exemption, and in bolding him liable to military service under the then existing exemption laws.”